IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

REVEREND DERRICK GOMEZ          )
                                )
    Plaintiff,                  )
                                )
    v.                          )   1:07CV786
                                )
EVANGELICAL LUTHERAN            )
CHURCH IN AMERICA; NORTH        )
CAROLINA SYNOD; REVEREND        )
RICHARD A. MAGNUS; BISHOP       )
LEONARD BOLICK; REVEREND        )
PHILIP TONNESEN                 )
                                )
    Defendants.                 )

## MEMORANDUM OPINION AND ORDER

This matter comes before this court upon the Memorandum Opinion and Recommendation ("Recommendation") filed by the United States Magistrate Judge on April 14, 2008, in accordance with 28 U.S.C. § 636(b). The Recommendation was served on all parties. Plaintiff filed objections to the Recommendation on May 1, 2008. Defendants filed a response to Plaintiff's objections on May 9, 2008. The court has appropriately reviewed the portions of the Magistrate Judge's Recommendation to which objection was made and has made a de novo determination which is in accord with the Recommendation. The court therefore adopts the Recommendation in its entirety. The court writes separately, however, to address the additional issues presented by Plaintiff's objections.

Plaintiff filed an affidavit with his objections alleging that Defendants retaliated against him for filing a suit seeking redress for discrimination. This court has reviewed the affidavit submitted with Plaintiff's objections. The court initially notes that the majority of facts set forth in the affidavit were available to Plaintiff before Defendants filed the motion to dismiss, and all additional facts were known to Plaintiff prior to the Magistrate Judge's Recommendation. This court has discretion pursuant to Rule 72 of the Federal Rules of Civil Procedure to accept or reject evidence that was not initially submitted to the Magistrate Judge. See Fed. R. Civ. P 72; 28 U.S.C. § 636(b)(1)(C); Doe v. Chao, 306 F.3d 170, 183 n.9 (4th Cir. 2002)(district court has discretion to accept or reject new evidence because of Congress' use of the permissive "may also receive further evidence" language contained in 28 U.S.C. § 636(b)(1)). Notwithstanding that analysis, this court has reviewed and considered the allegations contained in the affidavit.

This court finds that Plaintiff's affidavit does not alter the analysis contained in the Recommendation. The Magistrate Judge's Recommendation is based on a finding that the ministerial exception applies to bar Plaintiff's claims. The ministerial exception is based upon Plaintiff's status as a minister or church employee whose position consists of "teaching, spreading

2

the faith, church governance, supervision of a religious order or supervision or participation in religious ritual or worship." Rayburn v. General Conference of Seventh-Day Adventists, 772 F.2d 1164, 1169 (4th Cir. 1985) cert. den. 478 U.S. 1020, 106 S. Ct. 3333 (1986). Plaintiff, in his affidavit, has not denied his position as found by the Magistrate Judge. This court, therefore, adopts the Magistrate Judge's reasoning that Plaintiff is a minister and one whose position within the church consists of "teaching, spreading the faith, church governance, supervision of a religious order or supervision or participation in religious ritual or worship." Id.

Furthermore, Plaintiff's allegations in the affidavit relate to Plaintiff's efforts to secure a "call (Church) to a ministry in the Metropolitan New York Synod" and his alleged difficulty in obtaining a call since the filing of his complaint. (Pl.'s Objections, Ex. 1.) Plaintiff did not allege a retaliation claim in his complaint, nor did he argue in his objections precisely how the information contained in his affidavit should be considered. Nevertheless, the assignment of a minister by his church falls clearly within the scope of the ministerial exception. Rayburn, 772 F.2d at 1167-68. ("The right to choose ministers without government restriction underlies the well-being of religious community. . . . Any attempt by government to restrict a church's free choice of its leaders thus constitutes a

3

burden on the church's free exercise rights."). Plaintiff's affidavit, therefore, does not alter the findings of the Magistrate Judge because the allegations are expressly directed to a church's choice of its leaders.

Turning directly to the basis for Plaintiff's objections, this court notes that Plaintiff has not presented either new authority or a new argument; instead, Plaintiff only attempts to distinguish his case from those cases cited by the Magistrate Judge. Plaintiff has not persuasively argued or explained why the principle cases relied on by the Magistrate Judge (Rayburn; McClure v. Salvation Army, 460 F.2d 553 (5th Cir. 1972); Alicea-Hernandez v. Catholic Bishop of Chicago, 320 F.3d 698 (7th Cir. 2003); or Bell v. Presbyterian Church (U.S.A.), 126 F.3d 328 (4th Cir. 1997)) should be distinguished from the facts of this case.

Plaintiff contends that this court need not inquire into church doctrine because the discriminatory acts he suffered are secular in nature. A review of Plaintiff's complaint and his accompanying affidavit reveals otherwise. For example, Plaintiff alleged that he was either excluded from or denied invitations to attend meetings, projects, and retreats with staff.[1] (Pl.'s

---

[1] In addition to the discriminatory acts described in the body of this opinion, Plaintiff alleged two instances in which a racial slur or comment was made. These alleged statements are intertwined with Plaintiff's other allegations of discriminatory acts. Because Plaintiff must show that the harassment "was sufficiently severe or pervasive to alter the conditions of
(continued...)

4

Compl. ¶ 20, Ex. A ¶ 11.) Plaintiff also alleged that he was not provided private office space while serving as Mission Director and that he was denied the opportunity to present his work plans to the Deans and Synod Counsel. (Id. ¶¶ 20-22, Ex. A ¶ 11.) Ultimately, Plaintiff claims that the hostile and discriminatory work environment resulted in his constructive discharge. However, because of Plaintiff's position within the church, analysis of Plaintiff's claims and the alleged wrongfulness of Defendants' actions will require intrusion upon church doctrine.

Plaintiff's right to participate in church activities such as meetings and retreats, his right to private office space, and his right to present work plans to the Synod can only be determined, at least in part, by reference to church doctrine. In order to separate Plaintiff's position-related entitlements from those allegedly denied to Plaintiff but granted to individuals of a different race, the court would be forced to interpret church doctrine. As the Seventh Circuit said in <u>Alicea-Hernandez v. Catholic Bishop of Chicago</u>:

> Alicea-Hernandez suggests that we also need to look to the nature of her claims and whether the discrimination in question was exclusively secular. Here she is mistaken. The "ministerial exception" applies without regard to the type of claims being brought. This was

---

¹(...continued)
employment," <u>Spriggs v. Diamond Auto Glass</u>, 242 F.3d 179, 184 (4th Cir. 2001), inquiry into the conditions of employment and, therefore, church doctrine in general, is unavoidable.

5

explained by the Fourth Circuit in <u>EEOC v. Roman Catholic Diocese</u>:

> The ministerial exception to Title VII is robust where it applies. . . . The exception precludes any inquiry whatsoever into the reasons behind a church's ministerial employment decision. The church need not, for example, proffer any religious justification for its decision, for the <u>Free Exercise Clause</u> "protects the act of a decision rather than a motivation behind it."
>
> 213 F.3d at 802 (quoting <u>Rayburn</u>, 772 F.2d at 1169). To rule otherwise would enmesh the court in endless inquiries as to whether each discriminatory act was based in Church doctrine or simply secular animus.

320 F.3d at 703. Though Plaintiff argues that he suffered discrimination while performing duties that were only secular in nature, his position necessarily invokes the "ministerial exception," and would call upon the court to enmesh itself in "endless inquiries as to whether each discriminatory act was based in Church doctrine or simply secular animus." <u>Id.</u>

This court cannot intervene in this action without imposing the type of substantial "inroad on religious liberty" that the Supreme Court has specifically prohibited. <u>See</u> <u>Rayburn</u>, 772 F.2d at 1169 (citing <u>Thomas v. Review Bd. of Ind. Employment Sec. Div.</u>, 450 U.S. 707, 718 (1981)). Accordingly, the Magistrate Judge's Recommendation is adopted.

For the reasons set forth herein and in the Recommendation of the Magistrate Judge, IT IS THEREFORE ORDERED that the Defendants' Motion to Dismiss Under Rule 12(b) (Doc. 15) is

6

GRANTED. A judgment in accordance with this memorandum opinion will be entered contemporaneously herewith.

This the 7th day of August, 2008.

*William L. Osteen, Jr.*
United States District Judge